The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner George T. Glenn II. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses in part and affirms in part the Deputy Commissioner's Opinion and Award.
The Deputy Commissioner found as fact that N.C. Gen. Stat.97-18(d) barred the defendant's denial of plaintiff's back and leg injury because defendant failed to admit or deny the claim within 90 days after receiving notice of the claim. Therefore, the Deputy Commissioner did not allow the submission of any expert medical testimony.
The Industrial Commission Forms 18, 33 and 33R, while a part of the Commission files, are not evidence of record unless introduced and received into evidence at the hearing. Rule 611(5) of the N.C. Workers' Compensation Rules. In this case, the parties failed to introduce the Commission forms into evidence. It is unclear from the evidence of record exactly when defendant received notice that plaintiff was also alleging a back injury resulting from the August 19, 1995, incident. Timothy Huffstetler, the defendant-employer's human resources manager, acknowledged at the hearing before the Deputy Commissioner that he knew plaintiff had filed a Form 18 on or about October 6, 1995, and that defendant did not file a Form 33R until March 27, 1996. It therefore appears that defendant did not timely deny plaintiff's claim and did not comply with the fourteen-day denial period required in N.C. Gen. Stat. 97-18(c).
However, this is not a situation in which defendant was paying without prejudice pursuant to a Form 63, and therefore the 90-day period to accept or deny a claim found in N.C. Gen. Stat. 97-18(d) and upon which the Deputy Commissioner based his decision does not apply. The statutes are unclear as to the penalty for a defendant's failure to accept or deny a claim in a reasonably timely manner. Therefore, the failure to do so may subject the violator to appropriate sanctions, as provided in Rule 802 of the N.C. Workers' Compensation Rules. The Commission reserves the imposition of any sanctions against defendant until issuance of its final decision in this case.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Worker's Compensation Act.
2. The employer-employee relationship existed between the defendant-employer and the plaintiff at all relevant times herein.
3. Defendant was an approved self-insured and Willis-Corroon Administrative Services was the administrator of defendant's workers' compensation plan.
4. The employee's average weekly wage at the time of the alleged injury was $391.09, yielding a compensation rate of $260.73.
5. No temporary total disability benefits have been paid to plaintiff by defendant. Plaintiff has received short-term disability benefits under defendant's disability benefits plan.
6. On August 19, 1995, plaintiff sustained a work-related injury to his right ring finger and left small finger while in the course and scope of his employment with defendant. Defendant provided medical treatment for plaintiff's injuries to his right ring finger and left small finger.
7. The issues to be determined at the hearing were:
 a) Whether plaintiff has reached maximum medical improvement with respect to the injuries he sustained to his right ring finger and left small finger and if so, the degree of impairment sustained?
 b) Whether plaintiff sustained any other compensable injuries including an injury to his back on August 19, 1995?
 c) Whether defendant is entitled to an offset or credit for the short-term disability benefits paid to plaintiff under defendant's self-funded disability benefits plan?
 d) Whether defendant has failed to comply with NCGS 97-18(d) in either accepting or denying plaintiff's claim for compensation due to his claimed injuries to his back and fingers?
 ********************
The Full Commission finds as follows:
 FINDINGS OF FACT
1. At the time of hearing, plaintiff was fifty-one years old. He obtained his G.E.D. while serving in the Navy and has completed computer courses at a community college.
2. Plaintiff was employed by defendant as a set up person.
3. On August 19, 1995 at approximately 12:30 P. M., plaintiff was attempting to start up a machine which had become stuck. He opened the machine up and reached in to dislodge the parts that were stuck. As he did so the machine came down onto his right ring finger catching and cutting it. He reached into the machine with his left hand to free his right hand. While doing so his left small finger was cut by a knife contained within the machine. Plaintiff also bruised both of his thighs in his efforts to free his hands, but he did not notice the bruises until August 21, 1995.
4. Plaintiff immediately reported the accident and he filed a written report. The quality control person, Vicki Fletcher, was with plaintiff at the time of this incident.
5. Plaintiff worked his regular job the following day, August 20, 1995, and had his usual days off on August 21-23. While he was at home on August 21, 1995, plaintiff began to experience back pain on the left side which shot into his left hip and leg. He sought chiropractic treatment that day from Dr. Scott Broadnax. Plaintiff returned to work on August 24, 1995 and continued working until October 11, 1995.
6. Plaintiff had previously injured his back while building a carport at his home on July 4, 1995, and had received treatment from Dr. Broadnax.
7. Plaintiff subsequently was referred by his family physician to Dr. Donald McQueen, an orthopedist. He first saw Dr. McQueen on September 11, 1995, and was diagnosed with a herniated disc at L4-5. On December 18, 1995, Dr. McQueen performed a laminotomy and discectomy.
8. Plaintiff missed no time from work due to his hands. Since October 11, 1995, plaintiff has not returned to work due to his back condition. At the time of the hearing before the Deputy Commissioner plaintiff was able to sit for a period of one to two hours, stand for fifteen to twenty minutes at a time and walk for thirty to forty-five minutes. His left toes were numb and he walked with a limp.
9. Defendant admitted the compensability of the injuries to plaintiff's right ring finger and left small finger and has provided medical treatment for these injuries.
10. As a result of the injury by accident on August 19, 1995, plaintiff has an eight percent permanent functional impairment to his right hand and a ten percent permanent functional impairment to his left hand.
11. Defendant paid to plaintiff short-term disability benefits of $130.00 per week for two weeks beginning October 11, 1995, and $150.00 per week beginning October 26, 1995 and continuing until December 31, 1995. These payments totaled $1,610.00.
12. There is insufficient medical evidence of record from which the Full Commission can determine whether plaintiff's back condition is causally related to the compensable injury by accident and the extent of his disability, if any, from said back condition.
13. Defendant had reasonable grounds upon which to defend this claim.
 ********************
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On August 19, 1995, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. As a result of the compensable injury by accident, plaintiff sustained injuries to his right ring finger and left little finger but missed no time from work and is therefore not entitled to receive any temporary total disability compensation for these injuries. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to payment of all medical expenses incurred or to be incurred as a result of the injuries he sustained to his hands. N.C. Gen. Stat. § 97-25.
4. In the event that plaintiff is awarded temporary total or permanent partial disability compensation pursuant to a further Opinion and Award of this Commission, defendant shall be entitled to a deduction for the short-term disability payments already paid to plaintiff.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay for all medical expenses for treatment of plaintiff's hands incurred or to be incurred by plaintiff as a result of his compensable injury by accident when bills for the same have been approved by the Commission.
2. An award of attorney fees and compensation for the permanent functional impairment to plaintiff's hands and the possible imposition of sanctions against defendant are reserved until entry of a subsequent Opinion and Award.
 ORDER
It appearing that the Full Commission requires additional information before rendering a decision concerning the causal relationship between the compensable injury by accident and plaintiff's back condition. Therefore, pursuant to N.C. Gen Stat. 97-85, the Full Commission reopens the record to receive further evidence as follows:
IT IS HEREBY ORDERED that the parties shall have 60 days from the date of this Opinion and Award within which to take the deposition testimony of Dr. Donald McQueen concerning the causal relationship between the compensable injury by accident on August 19, 1995, and the plaintiff's back condition and the extent of his disability, if any, from said condition.
Upon receipt of the transcript of the deposition, the Commission will render a final decision. No further oral arguments or briefs will be required.
This the ___ day of March 1998.
 S/ _____________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ __________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
LKM/bjp